**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **LOWELL QUINCY GREEN #518622** | § | |
| | § | |
| **V.** | § | **W-22-CA-609-ADA** |
| | § | |
| **PAROLE OFFICER JOHN DOE** | § | |

**ORDER**

Plaintiff, Lowell Quincy Green, filed an untitled document in the Northern District of Texas that is, in substance, either a complaint pursuant to 42 U.S.C. § 1983, or a petition for writ of habeas corpus. Because Green was convicted in McLennan County, the Northern District of Texas transferred the case to this Court.

Green has a long history of filing frivolous and abusive litigation. While incarcerated, Green has filed nearly 100 cases throughout Texas, including numerous appeals to the Fifth Circuit. In this Court alone, Green has filed at least twelve habeas cases (*Green v. Davis*, 6:15-CV-285, *Green v. Stephens*, 6:15-CV-366, *Green v. Davis*, 6:16-CV-112, *Green v. Davis*, 6:16-CV-290, *Green v. Davis*, 6:17-CV-295, *Green v. Davis*, 6:19-CV-008, *Green v. Johnson*, 6:19-CV-627, *Green v. Lumpkin*, 6:21-CV-534, *Green v. Lumpkin*, 6:21-CV-612, *Green v. Lumpkin*, 6:21-CV-648, *Green v. Lumpkin*, 6:21-CV-649, *Green v. Lumpkin*, 6:21-CV-717) and at least fourteen civil rights cases (*Green v. Davis, et al.*, 6:16-CV-419, *Green v. State of Texas Government, et al.*, 6:16-CV-424, *Green v. State of Texas, et al.*, 6:17-CV-092, *Green v. Gray, et al.*, 6:17-CV-131, *Green v. State of Texas, et al.*, 6:17-CV-226, *Green v. USA*, 6:17-CV-235, *Green v.*

1

*Finch, et al.,* 6:18-CV-313, *Green v. Mitchell*, 6:18-CV-346, *Green v. Pitman, et al.*, 6:19-CV-018, *Green v. Gimble, et al.*, 6:21-CV-105, *Green v. Pitman*, 6:21-CV-618, *Green v. USA*, 6:21-CV-647, *Green v. Pitman*, 6:21-CV-664, *Green v. USA*, 6:21-CV-716).

On July 16, 2021, this Court barred Plaintiff from filing any pleadings in his closed cases. *Green v. Lumpkin*, 6:21-cv-612 (W.D. Tex.). The Court also warned Green that if he wished to file any additional documents in this Court, they must each be clearly labeled with the case number to which they pertain and that unlabeled or unclearly labeled documents, or documents pertaining to cases in other courts will be neither addressed nor acknowledged. If Green seeks to file a new case, he must also clearly label it as a new case. Plaintiff's pleading does not meet this standard.

Furthermore, Green's first habeas application was denied on March 30, 2016. *See Green v. Davis*, No. 6-15-CV-285-RP (W.D. Tex.). His second was transferred to the Fifth Circuit as successive, and the Fifth Circuit denied authorization to file a successive application on March 23, 2018. *See Green v. Davis*, No. 17-CV-295-RP (W.D. Tex.). Title 28 U.S.C. § 2244(b) provides before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Pursuant to § 2244(b), the Court finds that to the extent Plaintiff is seeking to file a successive application for writ of habeas corpus, it is dismissed for lack of jurisdiction because Petitioner has not obtained prior approval to

file a successive habeas corpus application. *See In re Epps*, 127 F.3d 364 (5th Cir. 1997).

It is therefore **ORDERED** that this case is ADMINISTRATIVELY CLOSED pursuant to the sanction and bar order in *Green v. Lumpkin*, 6:21-cv-612 (W.D. Tex.). Because he has failed to follow the Court's order regarding new filings, Plaintiff is not authorized to file this new action. Forthcoming submissions consisting of unlabeled or unclearly labeled documents, or documents pertaining to cases in other courts will be neither addressed nor acknowledged.

**SIGNED** on June 13, 2022

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE